UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAIME HERNANDEZ,

               Plaintiff,

-against-

RIVERA NICHOLSON; VICTORIA DAVIS,

               Defendants.

18-CV-12284 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, a Brooklyn resident appearing *pro se*, brings this action against two residents in his Brooklyn apartment building. By order dated March 27, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

    A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's complaint is not a model of clarity. He uses the Court's general complaint form, invokes the Court's federal question jurisdiction, and names as defendants Rivera Nicholson and Victoria Davis. From Plaintiff's responses to most of the complaint form's prompts and other scribblings, the Court understands that he is asserting that Defendants have "persecuted [and] tortured" him in his Brooklyn apartment building. (ECF No. 2 at 5.)[1] Plaintiff asserts that he was and still is being "verbally sexually harass psychologically" and being kept awake by the "use of atomic cement penetrating dangerous gamma" that causes his skin to peel. (*Id*.) He claims that the use of "atomic radiation," is "aim[ed] at killing him" and he uses "red blood tinture [sic] root" to counteract the effects of "this tormented radioactivity." (*Id*.) Plaintiff also asserts that "US Gangsters" stole the keys to his mailbox and his apartment, resulting in the loss of mail and other property. (Id. at 5-6.) He further alleges Defendant Nicholson has threatened him. Plaintiff brings this action seeking the return of his stolen keys and property and relief from "the 8 weapons of radioactivity atomic." (*Id*. at 6.)

---

[1] Citations to the complaint and other documents refer to the pagination generated by the Court's electronic case filing system (ECF).

**DISCUSSION**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Plaintiff's claims concerning the use of atomic radiation against him in his Brooklyn Apartment building must be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is instructed to terminate all other pending matters.

The Clerk of Court is also directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 12, 2019
       New York, New York

                                            COLLEEN McMAHON
                                      Chief United States District Judge